**Cynthia TAMAYO, on behalf of herself and all others similarly situated; Juan Algarate, on behalf of himself and all others similarly situated, Plaintiffs—Appellees,**

v.

**BRAINSTORM USA, a Georgia limited liability company, Defendant,**

and

**The Provident Bank, an Ohio corporation, Defendant— Appellant.**

**No. 02–15724.**

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 13, 2003.

Resubmitted Sept. 10, 2005.

Sept. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Quirk, Trial Lawyers for Public Justice, Washington, DC; Bryan Kemnitzer, Esq., Christopher F. Jennings, Esq., Nancy Barron, Esq., Kemnitzer, Anderson, Barron & Oglivie, LLP, San Francisco, CA; Eric W. Wright, Esq., Los Gatos, CA; Eva Reczkowski Coleman, Esq., Mary B. Cunniff, Esq., Scott Maurer, Esq., San Jose, CA, for Plaintiffs—Appellees.

Thomas E. Kuhnle, Esq., McCutchen, Doyle, Brown & Enersen LLP, William Bates, III, Esq., Patrick T. Weston, Esq., Bingham McCutchen, LLP, East Palo Alto, CA, for Defendant.

Diane Gibson, Esq., Joseph A. Meckes, Esq., Squire, Sanders & Dempsey, LLP, San Francisco, CA, for Defendant—Appellant.

Before: REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior Judge.

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

**566**

MEMORANDUM **

Provident Bank appeals from the district court's decision denying its motion to compel arbitration, and we affirm the judgment of the district court. The decision can be affirmed on any ground supported by the record. *Recording Indus. Ass'n of Am. v. Diamond Multimedia Sys. Inc.,* 180 F.3d 1072, 1077 n. 3 (9th Cir.1999).

In our memorandum disposition dated March 10, 2004, we vacated submission of Provident Bank's appeal pending the decision of the California Supreme Court in *Discover Bank v. Superior Court,* 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005). That decision has clarified California law with respect to the unconscionability of class-action waivers like the one at issue in this case, and requires the result here.

▮ In *Discover Bank,* the court ruled that class-action waivers in consumer contracts of adhesion that function to exempt a party from responsibility for wrongdoing are unconscionable. 36 Cal.4th at 162–63, 30 Cal.Rptr.3d 76, 113 P.3d 1100. Further, this court has held on several occasions that class-action waivers in arbitration clauses contained in contracts of adhesion are unconscionable. *See Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1176 (9th Cir.2003); *Ting v. AT & T,* 319 F.3d 1126, 1150 (9th Cir.2003). The waiver that Provident Bank seeks to enforce in this case is such a waiver; therefore, it is not valid under California law.

▮ The contract's Ohio choice-of-law provision does not require a different result. To the extent that Ohio law would enforce the class-action waiver at issue, and it is not clear that it would, it would be contrary to California public policy and thus not applicable. *See Gen. Signal Corp. v. MCI Telecomms. Corp.,* 66 F.3d 1500, 1506 (9th Cir.1995). Lastly, the provision of the Federal Arbitration Act that mandates enforcement of arbitration agreements does not preempt California law prohibiting unconscionable class-action waivers. *Discover Bank,* 36 Cal.4th at 163–73, 30 Cal.Rptr.3d 76, 113 P.3d 1100; *Ingle,* 328 F.3d at 1176 n. 15.

Accordingly, the judgment is AFFIRMED and the case is REMANDED to the district court for further proceedings consistent with this disposition.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

